**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5225**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TIMOTHY LAMONT SIMMONS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:09-cr-01034-TLW-11)

_____

Submitted:  October 20, 2011      Decided:  November 4, 2011

_____

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William Norman Nettles, United States Attorney, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lamont Simmons pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of crack cocaine, 21 U.S.C. § 846 (2006), and was sentenced to 144 months imprisonment. Simmons noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Simmons' guilty plea and whether the district court erred in failing to apply provisions of the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA"), in determining Simmons' sentence. Although advised of his right to file a pro se supplemental brief, Simmons has not done so.

We have reviewed the transcript of Simmons' guilty plea hearing and find that the district court fully complied with the mandates of Rule 11. The court ensured that Simmons understood the charge against him and the potential sentence he faced, the rights he was giving up by pleading guilty, that he entered his plea knowingly and voluntarily, and that the plea was supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Simmons' conviction.

Appellant has filed an unopposed motion to vacate Simmons' sentence and remand for resentencing in accordance with the FSA. In light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter in the first instance.

We therefore affirm in part as to Simmons' conviction, vacate in part, and remand to the district court for resentencing. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED